**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORRAINE H. LUCIANO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA – COLLEGE RETIREMENT EQUITIES FUND (TIAA-CREF), et al.,<br><br>Defendants. | Civil Action No. 15-6726 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |



**SHIPP, District Judge**

This matter comes before the Court on several motions. Defendants Educational Testing Service ("ETS") and Educational Testing Service Employee Benefits Administration Committee ("EBAC") (collectively, with ETS, "ETS Defendants") and Defendants Teachers Insurance and Annuity Association of America – College Retirement Equities Fund, Teachers Insurance and Annuity Association of America, and College Retirement Equities Fund ("TIAA-CREF Defendants") (collectively, with ETS Defendants, "Defendants") move to dismiss Plaintiff Lorraine H. Luciano's ("Plaintiff") First Amended Complaint pursuant to Rule 12(b)(1), (6), and (7) of the Federal Rules of Civil Procedure.[1] (ECF Nos. 27-1, 30[2].) In response, Plaintiff cross-moves for partial summary judgment against Defendants and Intervenor Defendant Lucille Rosso

---

[1] Defendants join in each other's arguments.

[2] Intervenor Defendant Lucille Rosso ("Intervenor") joins in TIAA-CREF Defendants' motion to dismiss. (ECF No. 38.)

("Intervenor"). (ECF Nos. 41, 45.) Additionally, Plaintiff appeals the Honorable Douglas E. Arpert, U.S.M.J.'s January 15, 2016 Memorandum Order (the "January 15 Order") (ECF No. 34), granting Intervenor's motion to intervene. (ECF No. 37.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiff's appeal of the January 15 Order is denied, Defendants' motions to dismiss are granted in part, and Plaintiff's cross-motions for summary judgment are terminated as moot.

## I. Background[3]

This is a putative class action brought by Plaintiff against Defendants concerning Defendants' treatment of defined-contribution pension benefits allegedly payable to Plaintiff. TIAA-CREF Defendants provide retirement and savings plan design, consultation, and administration for employee benefit plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). (Pl.'s Statement of Undisputed Material Facts ("SUMF") ¶ 1, ECF No. 40-4.) ETS Defendants sponsor certain employee benefit plans and have selected TIAA-CREF as an annuity provider for their plans. (TIAA-CREF Defs.' Resp. SUMF ¶ 4, ECF No. 51-7.)

Plaintiff's husband, James Rosso ("Mr. Rosso"), was employed by ETS and was a participant in two of ETS's plans: (1) the ETS Retirement Plan (the "401(a) Plan"); and (2) the ETS 403(b) Match Plan (the "403(b) Plan"). (Pl.'s SUMF ¶ 6.) Mr. Rosso originally designated his parents and sister, Intervenor Lucille Rosso, as his beneficiaries under the Plans. (*Id.* ¶ 35.) Later, Mr. Russo changed his designated beneficiary to only his sister. (Am. Compl. ¶ 52, ECF No. 3.) Thereafter, Plaintiff and Mr. Rosso married in February 2004, and Mr. Rosso passed away in April 2014. (Pl.'s SUMF ¶ 25.)

---

[3] The facts are undisputed unless otherwise noted.

2

After her husband's death, Plaintiff informed TIAA-CREF Defendants that she was his surviving spouse. (Am. Compl. ¶¶ 55-56.) TIAA-CREF Defendants informed Plaintiff that as the surviving spouse she was entitled to a death benefit of $119,253.33, one half of Mr. Rosso's account balance. (*Id.* ¶¶ 57-58.) TIAA-CREF Defendants informed Plaintiff that the other one half benefit would be paid to Intervenor. (*Id.* ¶ 59.) Plaintiff first filed an injunction application in the New Jersey Superior Court to prevent TIAA-CREF Defendants from paying out any of the funds to Intervenor. (*Id.*) The state court action was voluntarily dismissed following an agreement that no funds would be disbursed until the outcome of the formal plan procedures and any related litigation. (*Id.*) Thereafter, Plaintiff filed a claim for benefits with TIAA-CREF Defendants, which was denied by written decision on March 13, 2015. (Pl.'s SUMF ¶ 32.) Plaintiff appealed the denial, which ETS Defendants affirmed on July 8, 2015. (*Id.* ¶¶ 36-39.) Defendants have interpreted Section 7.3 of the 401(a) Plan and Section 8.4 of the 403(b) Plan to entitle a surviving spouse to a qualified preretirement survivor annuity ("QPSA") of fifty percent of the Participant's account balance. (Pl.'s SUMF ¶¶ 13-14, 22-23.)

Subsequently, Plaintiff filed this putative class action challenging Defendants' fifty-percent benefit determination and the 401(a) Plan's mandatory arbitration provision through six counts: (1) failure to make payments pursuant to 29 U.S.C. § 1132(a)(1) and (3); (2) declaratory judgment regarding payments pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 1132(a)(3); (3) breach of fiduciary duty pursuant to 29 U.S.C. § 1104; (4) declaratory judgment regarding the arbitration clause pursuant to 28 U.S.C. § 2201, 29 U.S.C. §§ 1132(a)(3), 1133(2), and 29 C.F.R. § 2560.503-1; (5) enjoinment of the arbitration clause pursuant to 29 U.S.C. § 1132(a)(3); and (6) breach of fiduciary duty regarding the arbitration clause pursuant to 29 U.S.C. §1104. (*See generally* Am. Compl., ECF No. 3.)

## II. Plaintiff's Appeal of the Magistrate Judge's January 15 Order

Plaintiff argues that the Magistrate Judge's January 15 Order finding that "'the interests of Defendants and [Intervenor] **could** diverge' . . . . was an error of law because the relevant inquiry is whether the proposed intervenor's interests are not currently adequately represented." (Pl.'s Appeal Moving Br. 1, ECF No. 37-1 (quoting Order, Jan. 15, 2016, ECF No. 34).) Plaintiff, thus, argues that Intervenor's motion to intervene should be denied because there is no current divergence of interests and her interests are adequately represented. (*Id.* at 2.)

### A. Legal Standard

A magistrate judge is authorized to determine non-dispositive motions, which include "any pretrial motion or other pretrial matter." L. Civ. R. 72.1(a)(1). A magistrate judge is "accorded wide discretion in addressing non-dispositive motions." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A magistrate judge's resolution of non-dispositive matters may only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); Loc. Civ. R. 72.1(c)(1); *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998) (citing 28 U.S.C. § 636(b)(1)(A)). "[A] finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lo Bosco v. Kure Eng'g Ltd.*, 891 F. Supp. 1035, 1037 (D.N.J. 1995) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). For a magistrate judge's decision to be contrary to law, the Court must find that the magistrate judge misapplied or misinterpreted the applicable law. *See Gunter*, 32 F. Supp. 2d at 164.

The party filing the appeal has the burden of showing that a magistrate judge's ruling is clearly erroneous or contrary to law. *See Travelers Indemn. Co. v. Dammann & Co.*, 592 F. Supp. 2d 752, 758-59 (D.N.J. 2008), *aff'd*, 594 F.3d 238 (3d Cir. 2010). When a non-dispositive matter

has been decided by a magistrate judge, the ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefsky v. Panasonic Commc'ns. Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). "It follows that a 'magistrate judge's findings should not be rejected even if a reviewing court could have decided the issue differently.'" *Costa v. Cty. of Burlington*, 584 F. Supp. 2d 681, 684 (D.N.J. 2008) (quoting *Toth v. Alice Pearl, Inc.*, 158 F.R.D. 47, 50 (D.N.J. 1994)).

### B. Analysis

In the January 15 Order, Judge Arpert found that intervention as of right was appropriate[4], stating that:

> Rule 24(a)(2) is directed to intervention of right, and provides that the Court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A litigant seeking intervention as of right must establish the following: "(1) a timley application for leave to intervene; (2) a sufficient interest in the underlying litigation; (3) a threat that the interest will be impaired or affected by the disposition of the underlying action; and (4) that the existing parties to the action do not adequately represent the prospective intervenor's interests." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (citing *Kleissler v. United States Forest Service*, 157 F.3d 964, 969 (3d Cir. 1998)). Having considered all of these factors, the Court finds that intervention under Rule 24(a)(2) is appropriate here.

(Order, Jan. 15, 2016, 2-3.) Specifically, Judge Arpert held that "contrary to the contentions of Plaintiff, [Intervenor's] interests are not adequately represented by any of the present Defendants" because although "Defendants and [Intervenor] both have an interest in seeing Defendants'

---

[4] Additionally, Judge Arpert found that Rule 24(b)'s permissive intervention requirements were "clearly met." (Order, Jan. 15, 2016, 3, n.3)

5

interpretation of the relevant plan upheld, Defendants, unlike [Intervenor], have an interest in limiting their overall liability." (*Id.* at 3.)

On appeal, Plaintiff challenges Judge Arpert's finding as to the fourth factor for mandatory intervention pursuant to Rule 24(a)(2), adequate representation.[5] Specifically, Plaintiff argues that Judge Arpert incorrectly looked to the "potential divergence" of Defendants and Intervenor's interests instead of their current interests, which are identical. (Pl.'s Appeal Moving Br. 11-16 (citing *Hoots v. Pennsylvania*, 672 F.2d 1133 (3d Cir. 1982) and *In re Lipitor Antitrust Litig.*, No. 12-2389, 2013 WL 4495912, at *2 (D.N.J. Aug. 20, 2013).) In opposition, Defendants and Intervenor argue that "Judge Arpert did indeed find a present divergence of interest, as he noted that Defendants have an interest in limiting their overall liability (i.e., with regard to the class allegations and br[each] of fiduciary claims)." (Intervenor's Appeal Opp'n Br. 8-9, ECF No. 44.)

Here, the Court finds that Plaintiff failed to demonstrate that Judge Arpert's granting of the motion to intervene in his January 15 Order was contrary to law. "As the Supreme Court stated, '[t]he requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal.'" *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 368 (3d Cir. 1995) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). Intervenor has a direct financial interest in this litigation, and Judge Arpert found that Defendants have a separate, distinct interest in this litigation—limiting their overall liability. The Court does not interpret Judge

---

[5] "Inadequate representation can be based on any of three possible grounds: (1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit." *United States v. Territory of Virgin Islands*, 748 F.3d 514, 519-20 (3d Cir. 2014) (internal quotation marks omitted). Here, no one disputes that Judge Arpert found inadequate representation based on the first ground.

6

Arpert's January 15 Order to find only a future, speculative divergence, but instead the Court reads the January 15 Order to hold that there is a current divergence between Defendants and Intervenor. Additionally, in reviewing the case law cited in support of Plaintiff's position, the Court does not find that the January 15 Order was contrary to law. Therefore, Plaintiff's appeal of Judge Arpert's January 15 Order is denied.

### III.     Motions to Dismiss

Defendants and Intervenor move to dismiss Plaintiff's First Amended Complaint, arguing that her claims are subject to the mandatory arbitration provision in the 401(a) Plan and her claims under the 403(b) Plan should also be dismissed in favor of arbitration or stayed pending arbitration. In opposition, Plaintiff argues that the 401(a) Plan's arbitration provision is unenforceable as a matter of law because its cost-splitting provision unduly inhibits and hampers the initiation and processing of claims for benefits in violation of 29 U.S.C. § 1133(2) and 29 C.F.R. § 2560.503-1.

#### A.     Legal Standard

In 1925, Congress passed the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-14, to counter "widespread judicial hostility to arbitration agreements." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Pursuant to the FAA, "[a] written provision in any . . . contract . . . to settle by arbitration . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "This text reflects the overarching principle that arbitration is a matter of contract." *Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013). "In short, if the Court finds that there exists no valid agreement to arbitrate, it must enjoin arbitration, but should the Court conclude that such an agreement exists and the dispute falls within the scope of the agreement, the matter must be referred to arbitration." *Bogen Commc'ns, Inc. v. Tri-Signal Integration, Inc.*, No. 04-6275, 2006

7

WL 469963, at *3 (D.N.J. Feb. 27, 2006), *aff'd*, 227 F. App'x 159 (3d Cir. 2007) (citing *PaineWebber, Inc. v. Hartmann*, 921 F.2d 507, 511 (3d Cir. 1990)). Further, under the FAA, "the party opposing arbitration carries the burden of showing" that an arbitration agreement is not enforceable. *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 483 (1989); *see Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 81 (2000) ("[P]arty resisting arbitration bears the burden of proving that Congress intended to preclude arbitration of the statutory claims at issue.").

"[W]here the affirmative defense of arbitrability of claims is apparent on the face of a complaint (or . . . documents relied upon in the complaint)," a court should resolve a motion to compel arbitration under a Rule 12(b)(6) motion to dismiss standard. *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 773-74 (3d Cir. 2013) (internal quotation marks omitted). "In those circumstances, '[t]he question to be answered . . . becomes whether the assertions of the complaint, given the required broad sweep, would permit adduction of proofs that would provide a recognized legal basis' for rejecting the affirmative defense." *Id.* at 774 (quoting *Leone v. Aetna Cas. & Sur. Co.*, 599 F.2d 566, 567 (3d Cir. 1979)). The Rule 12(b)(6)[6] standard is inappropriate, however, where "the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue." *Id.* at 776. Then the motion should be judged under a summary judgment standard. *Id.*

---

[6] Even though TIAA-CREF Defendants and Intervenor argue that Counts One, Two, and Three of Plaintiff's Amended Complaint should be dismissed under Rule 12(b)(1) in favor of arbitration, the Court will consider their arguments under Rule 12(b)(6).

**B.     Analysis**

The 401(a) Plan contains a mandatory arbitration provision which states, in relevant part:

> If, after review by the Administrator, the claim is again denied, the claimant's only further remedy is to have the claim submitted to final and binding arbitration. . . . The claimant and the Plan shall equally share the fees and costs of the Arbitrator. Each party shall pay its own costs and attorneys' fees, if any. The Administrator may, at its sole discretion, waive the claimant's portion of the Arbitrator's fees and costs. . . . If any part of these arbitration procedures are void and unenforceable, in whole or in part, that shall not affect the validity of the remainder of the procedures.

(Decl. of Alison V. Douglass ("Douglass Decl."), Ex A. § 9.5(c), ECF No. 30-2.) The 403(b) Plan does not contain a mandatory arbitration requirement, but allows arbitration as a means to challenge the denial of benefits. (Douglass Decl., Ex. B § 13.13, ECF No. 30-2 (The Administrator's "finding of fact, interpretation, construction, or decision shall not be given *de novo* review if challenged in court, by arbitration or in any other forum, and shall be upheld unless found to be arbitrary or capricious.").)

Plaintiff agrees with Defendants that "[w]here a valid agreement to arbitrate exists between the parties, a district court is compelled to enforce the agreement and order the parties to arbitrate the dispute." (Pl.'s ETS Opp'n Br. 1-2, ECF No. 40-2.) Plaintiff, however, argues that neither the 401(a) Plan nor the 403(b) Plan contains a valid arbitration provision. (*Id.* at 2.) Specifically, Plaintiff argues that the mandatory arbitration provision in the 401(a) Plan is invalid because it violates § 1133(2) of ERISA. (*Id.*) Plaintiff heavily relies on the Eighth Circuit's decision in *Bond v. Twin Cities Carpenters Pension Fund*, 307 F.3d 704 (8th Cir. 2002), to support her argument.

The Third Circuit has clearly held that ERISA "claims are subject to arbitration under the FAA." *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110, 1112 (3d Cir. 1993); *see also Bevere v. Oppenheimer & Co.*, 862 F. Supp. 1243, 1247 (D.N.J. 1994) (finding that the

9

Third Circuit in *Pritzker* "acknowledged that recent Supreme Court decisions suggested a strong trend in favor [of] finding arbitrable statutory claims in a variety of areas, and therefore held that agreements to arbitrate statutory ERISA claims may be enforceable"). Section 1133(2) of ERISA requires that employee benefit plans provide "a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2).

In *Bond*, the Eighth Circuit in a split decision held that a plan participant was deprived of his ERISA right to a "full and fair review" of his pension plan's eligibility benefit determination where the plan presumptively required him to shoulder half the cost of arbitrating an appeal from an adverse determination by the plan's trustees. *Bond*, 307 F.3d at 707. Bond, a retired union carpenter and participant in a pension plan, sought a determination of whether the plan's recent amendment, which limited the work a retiree could do while still receiving benefits, applied to him because he had been supplementing his pension with carpentry work. *Id.* at 705. The plan, in *Bond*, required participants to first seek a benefits determination from the board, and then, if not satisfied, the sole remedy was binding arbitration with the participant bearing half the cost. *Id.* Bond sought a determination by the board, which found he was covered by the recent amendment. *Id.* Thereafter, Bond submitted his claim to binding arbitration, which affirmed the board's determination. *Id.* Bond then sought review in federal court, arguing that the plan itself violated ERISA because the mandatory arbitration clause, with the fee-splitting provision, did not provide him a reasonable opportunity for a full and fair review. *Id.* The majority found that § 1133, and its accompanying regulations, apply to all claims procedures based on the language of the regulations and an opinion letter from the Department of Labor. *Id.* at 706. Additionally, based on the opinion letter from the Department of Labor, the majority held that a plan that required

10

arbitration with a presumption of cost-splitting hindered the processing of claims and was unduly burdensome, thus, not permitted by ERISA.[7] *Id.* 706-07.

The dissent in *Bond*, however, found that §1133 "simply d[id] not govern these plan provisions because it d[id] not purport to deal with proceedings that occur after a review by the fiduciary." *Bond*, 307 F.3d at 707 (Arnold, C.J., dissenting). Specifically, the dissent found that § 1133's full and fair review was fully satisfied, because, according to the plain language of the statute, Bond did not contest the fact that the plan's named fiduciary provided him with a "full and fair review." *Id.* In doing so, the dissent rejected the Department of Labor's position in the opinion letter "that any plan that requires arbitration as a pre-requisite to initiating a civil action and that requires employees to bear an equal share of arbitration expenses violates [29 C.F.R.] 2560.503-1(b)(iii)." *Id.* at 708. The dissent stated that "[i]f Congress wants employers to bear the cost of arbitration arising from § 1133 claims, it can presumably pass legislation to that effect. It has not chosen to do so." *Id.* at 709. Additionally, the dissent addressed the current regulations that were not relevant to Bond's claim, stating that for the same reasons these "claims procedures referred to [in 29 C.F.R. 2560.503(b)(3) (2001)] are procedures that § 1133 requires a plan's fiduciary to provide, and thus the new regulation prohibits a plan from requiring beneficiaries to pay fees for obtaining review from a fiduciary." *Id.*

This Court agrees with the dissent's reasoning in *Bond*. Section 1133(2) requires that an employee benefit plan provide a participant whose claim is denied with "a reasonable opportunity" for a "full and fair review **by the appropriate named fiduciary**." 29 U.S.C. § 1133(2) (emphasis

---

[7] Even though the majority was interpreting prior regulations, the majority noted that the "[r]ecent amendments to the regulations clarified this issue, and confirmed that 'a provision or practice that requires payment of a fee or costs as a condition to making a claim or appealing an adverse benefit determination would be considered to unduly inhibit the initiation and processing of claims for benefits.'" *Bond*, 307 F.3d at 706, n.2 (quoting 29 C.F.R. 2560.503-1(b)(3) (2001)).

added). The plain language of the statute does not speak to any required procedures following the appeal to the named fiduciary. Additionally, this Court reads the regulations cited by Plaintiff to speak to only the practices that would "unduly inhibit[] or hamper[]" the processing of a claim up until and through an appeal to the named fiduciary. *See* 29 C.F.R. § 2560.503-1(b)(3). Therefore, as Plaintiff here had submitted a claim for benefits and appealed the denial of that determination to the named fiduciary, § 1133 does not govern.

As such, Counts Four, Five, and Six of Plaintiff's Amended Complaint, seeking relief from the mandatory arbitration provision in the 401(a) Plan under § 1133(2), fail to state a claim, and thus, are dismissed with prejudice. Additionally, the Court will compel arbitration, pursuant to the mandatory arbitration provision, of Counts One, Two, and Three of Plaintiff's Amended Complaint, as they relate to the 401(a) Plan.[8] Furthermore, Counts One, Two, and Three of Plaintiff's Amended Complaint, as they relate to the 403(b) Plan, are stayed pending arbitration of the same counts as they relate to the 401(a) Plan. The Court will not compel arbitration of the claims as they relate to the 403(b) Plan, because the case law relied on by Defendants either deals with the effect of related claims after some have already been decided through arbitration or deals with broad language in an arbitration provision that relates to all claims. Neither of those factual scenarios is relevant here. The 403(b) Plan does not contain a mandatory arbitration provision, and the Court will not compel arbitration of a claim in the absence of an agreement to arbitrate. Moreover, the Court finds, in the interest of judicial efficiency, that a stay would be appropriate

---

[8] It should be noted, however, that Plaintiff may, even though she has not done so through the Amended Complaint or the current briefing, argue in this Court that the cost-splitting provision in the 401(a) Plan would deny her a forum to vindicate her statutory rights. *See Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000); *see also Blair v. Scott Specialty Gases*, 283 F.3d 595, 610 (3d Cir. 2002). Plaintiff, however, has not made that argument here so the Court cannot address it at this time.

here because Counts One, Two, and Three clearly involve the same parties, the same factual issue, and the same legal issues. *See Crawford v. W. Jersey Health Sys. (Voorhees Div.)*, 847 F. Supp. 1232, 1243 (D.N.J. 1994).[9]

### IV. Conclusion

For the reasons set forth above, Plaintiff's appeal of the January 15 Order is denied, Defendants' motions to dismiss are granted in part, and Plaintiff's cross-motions for summary judgment are terminated as moot. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: July 29th, 2016

---

[9] The remaining arguments and motions by the parties are terminated as moot.