**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORRAINE H. LUCIANO, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA – COLLEGE RETIREMENT EQUITIES FUND (TIAA-CREF), et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 15-6726 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

　　　This matter comes before the Court on Plaintiff Lorraine H. Luciano's ("Plaintiff") motion for partial reconsideration, pursuant to Local Civil Rule 7.1(i), of the Court's July 29, 2016 Memorandum Opinion and Order (the "Opinion") (ECF Nos. 59, 60) dismissing with prejudice Counts Four, Five, and Six of Plaintiff's First Amended Complaint and compelling arbitration. (ECF No. 61.) Intervenor Defendant Lucille Rosso and Defendants Educational Testing Service, Educational Testing Service Employee Benefits Administration Committee, and Teachers Insurance and Annuity Association of America – College Retirement Equities Fund, Teachers Insurance and Annuity Association of America, and College Retirement Equities Fund (collectively, "Defendants") filed opposition to the motion. (ECF Nos. 62-64.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See id.* A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel and Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

Plaintiff moves for reconsideration arguing that the Court's stated basis for dismissal with prejudice of Counts Four, Five, and Six "constitutes a clear error of law because it [1] misconstrues the extent of the procedural protections afforded by the Employee Retirement Income Security Act of 1974 . . . , [2] ignores and/or misapplies the relevant statutes, and [3] fails to accord appropriate deference to the regulations of the Secretary of Labor and the Secretary's interpretation of those regulations." (Pl.'s Moving Br. 1, ECF No. 61-1.) Specifically, Plaintiff argues that the Court committed a clear error of law by adopting the reasoning of the dissent in *Bond v. Twin City Carpenters & Joiners Pension Fund*, 307 F.3d 704 (8th Cir. 2002), because the "dissent rests on a clear error of law, namely, a misinterpretation of the extent of the procedural protections afforded by ERISA and [29 C.F.R. § 2560.503-1 (the "Regulation")]." (*Id.* at 3.)

2

In the prior motions decided by this Court's Opinion, Plaintiff argued "that the 401(a) Plan's arbitration provision is unenforceable as a matter of law because its cost-splitting provision unduly inhibits and hampers the initiation and processing of claims for benefits in violation of [ERISA,] 29 U.S.C. § 1133(2) and [the Regulation,] 29 C.F.R. § 2560.503-1." (Op., July 29, 2016, 7, ECF No. 59.) Specifically, Plaintiff argued that Defendants and the *Bond* dissent ignored the regulations and the Secretary's interpretation of them. (ECF No. 40.) In addressing the parties' arguments regarding the language in § 1133(2) and 29 C.F.R. § 2560.503-1, the Court, after reviewing both the majority and the dissent's reasoning in *Bond*, stated that it "agree[d] with the dissent's reasoning." (Op., July 29, 2016, 11.) In doing so, the Court adopted the reasoning of the *Bond* dissent, which acknowledged the appropriate deference to be given to the regulations and the Secretary's interpretation of the regulations. After providing the appropriate deference, the *Bond* dissent held that any interpretation of the regulations that found a cost sharing requirement for arbitration before filing suit as a violation of ERISA was "entirely unreasonable." *Bond*, 307 F.3d at 708.

Pursuant to Local Civil Rule 7.1(i), a motion for reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." Local Civ. R. 7.1(i). Generally, a motion for reconsideration will only be granted "when 'dispositive factual matters or controlling decisions of law' were brought to the court's attention but not considered." *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (quoting *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987)). Here, Plaintiff is merely asking this Court to rethink what it has already thought through. Plaintiff has failed to

3

proffer any change in law, unconsidered evidence, or persuasive argument that the Court has committed a clear error of law that requires correction.[1]

Accordingly, Plaintiff's motion for partial reconsideration is denied. An order consistent with this Memorandum Opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: September 9th, 2016

---

[1] The only new argument presented by Plaintiff on the motion sub judice, based on subsection (g) of 29 C.F.R. § 2560.503-1, is that "if: (1) civil litigation is part of a Plan's 'review procedures'; and (2) 'review procedures' are part of 'claims procedures'; then (3) 'claims procedures' must include steps after the appeal to the named fiduciary." (Pl.'s Moving Br. 14.) Based on this interpretation, Plaintiff argues that "[w]hen the Regulation is read as a whole, it is clear that the '[o]bligation to establish and maintain reasonable claim procedures' does not end once a claimant has appealed an adverse benefit determination to a named fiduciary," and thus, "the Regulation's prohibition on 'any provision or practice that requires payment of a fee or costs as a condition to making a claim or to appealing an adverse benefit determination' must apply to appeals to an arbitrator." (Id. (quoting 29 C.F.R. § 2560.503-1).)

First, a motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. Plaintiff could have made this argument in support of her position in the prior motions but chose not to do so. Even if the Court considered this argument, Plaintiff's reasoning would mean that the prohibition on "any provision or practice that requires payment of a fee or costs" would apply not only to arbitration but also to the filing of a civil complaint. This interpretation leads to an untenable result that ends with the conclusion that the federal courts are in conflict with ERISA by requiring any party to pay a filing fee.

4