UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

August 31, 2017

**LETTER OPINION**

VIA CM/ECF
All counsel of record

Re:   *Lorraine H. Luciano v. Teachers Insurance and Annuity Association of America-College Retirement Equities Fund, et al.*
<u>Civil Action No. 15-6726 (MAS) (DEA)</u>

Dear Counsel:

    This matter comes before the Court on Plaintiff Lorraine H. Luciano's ("Plaintiff") Motion to Compel Arbitration. (ECF No. 74.) Defendants Teachers Insurance and Annuity Association of America-College Retirement Equities Fund ("TIAA-CREF") (ECF No. 79), Educational Testing Service ("ETS"), and the Educational Testing Service Employee Benefits Administration Committee ("EBAC") (ETS and EBAC are, collectively, "ETS Defendants") (ECF No. 80) (TIAA-CREF and ETS Defendants are, collectively, "Defendants") filed opposition, and Plaintiff replied (ECF No. 81). The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, Plaintiff's Motion to Compel Arbitration is DENIED.

    The instant action arises from Defendants' treatment of defined-contribution pension benefits allegedly payable to Plaintiff. TIAA-CREF provides retirement and savings plan design, consultation, and administration for employee benefit plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). (July 29, 2016 Mem. Op. 2, ECF No. 59.) Plaintiff's husband, James Rosso ("Mr. Rosso"), was employed by ETS and was a participant in two of ETS's plans: (1) the ETS Retirement Plan (the "401(a) Plan"); and (2) the ETS 403(b) Match Plan (the "403(b) Plan"). (*Id.*) Mr. Rosso originally designated his parents and sister, Intervenor Lucille Rosso ("Intervenor"), as his beneficiaries under the Plans. (*Id.*) Later, Mr. Russo changed his designated beneficiary to only his sister. (*Id.*) Thereafter, Plaintiff and Mr. Rosso married in February 2004, and Mr. Rosso passed away in April 2014. (*Id.*)

    After her husband's death, Plaintiff informed TIAA-CREF that she was his surviving spouse. (*Id.* at 3.) TIAA-CREF informed Plaintiff that as the surviving spouse she was entitled to a death benefit of $119,253.33, one half of Mr. Rosso's account balance. (*Id.*) TIAA-CREF informed Plaintiff that the other one half benefit would be paid to Intervenor. (*Id.*) Plaintiff first filed an injunction application in the New Jersey Superior Court to prevent TIAA-CREF from paying out any of the funds to Intervenor. (*Id.*) The state court action was voluntarily dismissed following an agreement that no funds would be disbursed until the outcome of the formal plan

procedures and any related litigation. (*Id.*) Thereafter, Plaintiff filed a claim for benefits with TIAA-CREF, which was denied by written decision on March 13, 2015. (*Id.*) Plaintiff appealed the denial, which ETS Defendants affirmed on July 8, 2015. (*Id.*) Defendants have interpreted Section 7.3 of the 401(a) Plan and Section 8.4 of the 403(b) Plan to entitle a surviving spouse to a qualified preretirement survivor annuity ("QPSA") of fifty percent of the Participant's account balance. (*Id.*)

Subsequently, Plaintiff filed this putative class action challenging Defendants' fifty-percent benefit determination and the 401(a) Plan's mandatory arbitration provision through six counts: (1) failure to make payments pursuant to 29 U.S.C. § 1132(a)(1) and (3); (2) declaratory judgment regarding payments pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 1132(a)(3); (3) breach of fiduciary duty pursuant to 29 U.S.C. § 1104; (4) declaratory judgment regarding the arbitration clause pursuant to 28 U.S.C. § 2201, 29 U.S.C. §§ 1132(a)(3), 1133(2), and 29 C.F.R. § 2560.503-1; (5) enjoinment of the arbitration clause pursuant to 29 U.S.C. § 1132(a)(3); and (6) breach of fiduciary duty regarding the arbitration clause pursuant to 29 U.S.C. § 1104. (*See generally* Am. Compl., ECF No. 3.)

Upon motions to dismiss filed by Defendants, the Court determined that the 401(a) Plan contained a mandatory arbitration provision that stated, in relevant part:

> If, after review by the Administrator, the claim is again denied, the claimant's only further remedy is to have the claim submitted to final and binding arbitration. . . . The claimant and the Plan shall equally share the fees and costs of the Arbitrator. Each party shall pay its own costs and attorneys' fees, if any. The Administrator may, at its sole discretion, waive the claimant's portion of the Arbitrator's fees and costs. . . . If any part of these arbitration procedures are void and unenforceable, in whole or in part, that shall not affect the validity of the remainder of the procedures.

(July 29, 2016 Mem. Op. 9.) The Court determined that the mandatory arbitration provision was enforceable and dismissed Counts Four, Five, and Six of Plaintiff's Amended Complaint, which sought relief from the 401(a) Plan's mandatory arbitration provision. (*Id.* at 9-13.) The Court further "compel[led] arbitration, pursuant to the mandatory arbitration provision" with respect to "Counts One, Two, and Three of Plaintiff's Amended Complaint as they relate to the 401(a) Plan." (*Id.*) On the other hand, the Court declined to compel arbitration with respect to the 403(b) Plan because it did not contain a mandatory arbitration provision. (*Id.*) Accordingly, the Court stayed Counts One, Two, and Three as they relate to the 403(b) Plan pending arbitration with respect to the 401(a) Plan. (*Id.*)

Plaintiff's instant Motion to Compel Arbitration seeks an order compelling "all Defendants to comply with the Court's Order, in which the Court granted both the ETS Defendants' and TIAA Defendants' motions to compel arbitration of Counts [One, Two, and Three] as they apply to the 401(a) . . . Plan." (Pl.'s Moving Br. 7, ECF No. 74-1.) Since the Court's July 29, 2016 decision, it appears that arbitration was initiated by Plaintiff and EBAC, "the entity charged with oversight of the 401(a) Plan," and that an arbitrator has been selected. (TIAA-CREF's Opp'n Br. 1, ECF

2

No. 79.) Plaintiff now argues that Defendants have violated the Court's July 29, 2016 Order because: (1) the other Defendants—TIAA-CREF and ETS—have refused to participate in the arbitration; and (2) Defendants have only agreed to arbitrate Plaintiff's individual claims and have refused to participate in class arbitration despite the fact that Plaintiff's claims have been brought as a putative class action. (*See* Pl.'s Moving Br. 15-19.) Plaintiff argues that because all Defendants moved to compel arbitration at the outset and have failed to raise an affirmative objection to class arbitration, Defendants' violation of the Court's July 29, 2016 Order should be judicially estopped. (*See id.* at 15-21.) The Court, however, disagrees with Plaintiff.

Plaintiff's Motion is based entirely on the theories of judicial and equitable estoppel. (*See generally* Pl.'s Moving Br.) Judicial estoppel consists of three elements: "(1) 'the party to be estopped must have taken two positions that are irreconcilably inconsistent'; (2) the party took the inconsistent positions 'in bad faith—i.e., with intent to play fast and loose with the court'; and (3) application of the doctrine is 'tailored to address the harm identified and no lesser sanction would adequately remedy the damage done by the litigant's misconduct.'" *Didonato v. Imagine One Tech. & Mgmt., Ltd.*, No. 15-8377, 2016 WL 6584911, at *2 (D.N.J. Nov. 7, 2016) (quoting *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 319-20 (3d Cir. 2003)).

Here, the Court finds that none of the elements have been satisfied. With respect to the first element, Defendants never argued to the Court that every Defendant must be a participant in the arbitration or that the arbitration should be conducted class-wide. Rather, Defendants argued that Plaintiff's dispute under the 401(a) Plan should be arbitrated. (*See generally* TIAA-CREF's Mot. to Dismiss Moving Br., ECF No. 30-1; ETS Defs.' Mot. to Dismiss Moving Br., ECF No. 28.) Further, Plaintiff specifically admits that "Defendants did not explicitly request that the Court order 'class arbitration.'" (Pl.'s Moving Br. 18.) Plaintiff, therefore, has failed to establish that Defendants took irreconcilably inconsistent positions.

With respect to the second element, the Court does not find that Defendants have acted in bad faith. Contrary to Plaintiff's view, the Court does not find that Defendants violated its Order. The Court's Order merely stated that "Counts One, Two, and Three of Plaintiff's Amended Complaint as they relate to the 401(a) Plan will be arbitrated *pursuant to the mandatory arbitration provision in the agreement*." (July 29, 2016 Order (emphasis added), ECF No. 60.) Additionally, Defendants provided substantial analysis as to why the mandatory arbitration provision does not require all Defendants to participate in the arbitration and does not require class arbitration. (TIAA-CREF's Opp'n Br. 6-9; ETS Defs.' Opp'n Br. 6-9, 12-13, ECF No. 80.) In reply, however, Plaintiff dismisses the content of the mandatory arbitration provision as "irrelevant," and argues that Plaintiff's Motion is entirely based on judicial and equitable estoppel theories. (Pl.'s Reply Br. 3-5.) In light of Plaintiff's failure to respond to Defendants' arguments and upon the Court's review of its July 29, 2016 Order and the mandatory arbitration provision, the Court does not find that Defendants have acted in bad faith.

As to the third element, Plaintiff argues that absent relief, the class action Plaintiffs will have no forum in which to pursue their claims against ETS and TIAA-CREF due to their lack of participation in the arbitration. (Pl.'s Moving Br. 5-7.) To the extent Plaintiff has claims against Defendants outside the scope of the arbitration, once arbitration has concluded Plaintiff may move

3

to lift the stay on this case and proceed with her remaining claims. Accordingly, Plaintiff has failed to establish that Defendants would be able to escape liability merely because certain claims are not within the scope of the arbitration. For these reasons, judicial estoppel is inapplicable to this case.

The Court next considers Plaintiff's arguments under equitable estoppel. A litigant is "equitably estopp[ed] . . . from taking a self-contradictory position . . . if: (1) the parties (or parties in privity with them) were adverse in a prior proceeding; (2) the party seeking estoppel detrimentally relied on its opponent's prior position; and (3) the party seeking estoppel would be prejudiced if its opponent were allowed to assume a new position." *Segal v. Strausser Enters., Inc.*, 486 F. App'x 240, 242-43 (3d Cir. 2012). Again, the Court disagrees with Plaintiff. As explained above, Defendants never made the arguments upon which Plaintiff claims to have relied. Plaintiff claims that the mere fact that every Defendant moved to compel arbitration meant that Defendants were implicitly arguing that every Defendant had to participate in the arbitration. (Pl.'s Moving Br. 16.) Plaintiff further argues that because her pleading contained both individual claims and class claims, the class claims were intertwined such that Defendants must have been implicitly arguing that all class claims would also be arbitrated. (*Id.* at 16-19.) Moreover, Plaintiff argues that due to Defendants' implied positions, Plaintiff was unable to raise additional arguments in prior motion practice. (*Id.* at 26.) The Court finds these arguments unpersuasive. Here, Plaintiff relies on arguments that were never actually made, and now attempts to invoke equitable estoppel to raise new arguments Plaintiff could have raised with respect to prior motions. Finally, as explained above, Plaintiff is not prejudiced, given that any viable claims outside the scope of arbitration may proceed upon resolution of the arbitration.

For the reasons stated above, the Court DENIES Plaintiff's Motion to Compel Arbitration. An order consistent with this decision will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**